Kent, J.
delivered the opinion of the court. It was ad-rnitted by the plaintiff’s counsel, at the argument, that in case bail are personated, the court could direct a vacatur of the bail; and this appears to have been done in a variety of cases. (Cotton’s case, Oro. Jac. 256. Higham v. Barfold, 3 Keb. 694. Beasley’s case, T. Jones, 64.) The power of awarding a vacatur is exercised by the court in great discretion. They refuse it where, upon examination, the merits of the cause do not appear sufficiently dear ; (1 Ld. Raym. 445 ; 12 Mod. 257 ;) and sometimes stay it until the person personated has prosecuted to effect the person guilty of wilfully personating him, as was done in Beasley’s case. (T. Jones, 64.)(a)
All the cases that have been cited are instances of application to the discretion of the court. There are none *of a plea avoiding the record. But the form of the plea in the present case is taken from Lilly’s But. 398, a book of generally approved precedents ; and it does not appear to be repugnant to the rule, that no averment shall be admitted against a record. The plea does not contradict a single fact in the hail-piece* It only avers that the defendant is not the person of that name, thereby intended, which is an averment consistent with the truth of the record. But the validity of the plea is not to be examined in this way, for the plaintiff admits its validity, in point of law, by traversing the fact; and the parties go to trial upon the issue, whether the defendant is or is not the same person mentioned and described in the bail-piece.
To this issue the evidence offered was competent and pertinent ; and the only remaining question arising on the case is in respect' to its sufficiency.
*295 Here, also, I cannot entertain any doubt. The defendant most certainly was not the person who appeáred and became speeial bail. It appears from the testimony of Stephen Norton, tliat he was himself the person who appeared before the judge, when the acknowledgment of bail was certified; that he, 'bonaJide, intended to be the bail, and supposed he was bail.
This is not the case, therefore of a felonious personating of bail, in which the courts have required, when application has been made to their discretion for relief, a previous prosecution of the felon. But it may be said that the whole plea is not verified, to wit, that there was another person of the same name and description, who became bail; and that the proof, as far as it goes, is, that there was no other person of that name and description. • In answer to this objection, I consider the allegation, that another person of the same name became bail, as but one inducement to the substance, or gist of the plea, which is, that the defendant was not that person. The proof that there was no other person, is but merely negative. *Jt could not be requisite for the defendant to prove such a fact; and if he proves himself not to be that person, the law will intend, in conformity with the plea, and in consistency with the truth of the record, that another person of the same name and description does exist.
In the case of Charles Ratcliffe, (Poster, 41,) who was brought into court for judgment, in the year 1.746, upon a conviction and attainder had in the year 1716; he pleaded that he was not the person mentioned in the record, and issue was joined on that single fact, without its being incumbent on the defendant to question or identify any other person. No doubt was entertained but that if the plea had been true in fact, it would have been valid in law.
We are, therefore, of opinion that the defendant is entitled to judgment.
Judgment for the defendant.(a)

(a) See Hobhouse v. Hamilton, (1 Scoales and Lefroy, 207,) in which it was held that an enrolment of a deed binds, though procured by fraud ; and that it is better to let the party seek his remedy for the fraud, than question the record.

(a) See Graham’s Practice, 2d ed. 433, et seq.; 818, et seq.