## STATE *vs.* ROGER W. SUTCLIFFE.

By the plea of *nul tiel record* to *scire facias* on a defaulted recognizance, the only question raised is as to the existence of the record. This must be determined by the court by inspection.

A defendant in *scire facias* on a defaulted recognizance pleaded :

1. *Nul tiel record.*

2. That he did not owe as laid, etc.

3. That he did not acknowledge as laid, etc.

*Held,* that the pleas 2 and 3 were properly stricken out, being tantamount to *nil debet,* a bad plea.

*Held,* further, that under the general issue *nul tiel record* the defendant could not show that he was not the person recognizing. This should be specially pleaded.

EXCEPTIONS to the Court of Common Pleas.

This action was *scire facias* on a defaulted recognizance. The defendant pleaded *nul tiel record,* also *nil debet,* and that he did not acknowledge himself indebted as the State hath declared against him. On motion of the State, all the pleas were stricken out except that of *nul tiel record.* Under this plea the defendant sought to show that the court which took the recognizance did not have jurisdiction of the complaint in which it was taken, that the defendant was not the recognizor, that the defendant neither recognized nor acknowledged himself indebted as stated in the declaration. The Court of Common Pleas refused to receive evidence offered in support of these defences, and the defendant excepted.

*June* 1, 1889. PER CURIAM. It is settled that, in *scire facias* on a recognizance under the plea of *nul tiel record,* the only question is whether there be such a record, and that is a question to be

decided by the court on inspection. Stephen on Pleading, *101.
It follows that the attempt to raise other issues under the plea
was rightly disallowed, and the exceptions taken for their disal-
lowance must be overruled.

The defendant, besides pleading *nul tiel record*, pleaded spe-
cially " that he does not owe to the said State of Rhode Island the
said sum of money or any part thereof, and did not so acknow-
ledge as the plaintiff has above declared, and of this he puts him-
self on the country." This plea was stricken out, on motion, and
exception reserved. If the plea be regarded as simply a plea of
*nil debet*, which seems to be the more proper way of regarding it,
it was properly stricken out, *nil debet* being an improper plea
when the record or specialty itself is the ground of the action,
and is not set up merely by way of inducement. *Bullis* v. *Gid-
dens*, 8 Johns. Rep. 64; *White* v. *Converse*, 20 Wend. 266; 1
Chitty on Pleading, 16 Amer. ed. *511, note (b).

It is argued that the defendant, under the averment that he did
not acknowledge himself to be indebted, might prove that he was
not the person who entered into the recognizance. We think,
however, that if this was the defence, the defendant should have
pleaded specially that he was not the person, since the plea as
filed does not directly allege that he was not the person, but only
that he did not acknowledge. *Renoard* v. *Noble*, 2 Johns. Cas.
293; *Hobhouse* v. *Hamilton*, 1 Sch. & Lef. 207. Lilly's Entries,
398.

The exceptions are overruled, and the judgment of the Court
of Common Pleas affirmed with costs.

*Horatio Rogers*, Attorney General, for plaintiff.

*George J. West & Thomas W. Robinson*, for defendant.