THE PEOPLE, Plaintiffs in Error, *v.* SAMUEL WATKINS *et al.*, Defendants in Error.

### ERROR TO MENARD.

A recognizance taken by a justice of the peace for the appearance of a party, when certified, approved and delivered to the clerk of the Circuit Court, becomes a record of such court.

A plea of *nil debet* to a *scire facias* upon a recognizance, is not a good plea; the matter is a record, and imports absolute verity, and no averment can be taken against it.

A plea which avers the death of the principal in the recognizance, must, in order to make it good, state the time of his death.

The proper qualification of a justice before whom a recognizance is taken, or his conduct at the investigation, in refusing a change of venue, cannot be inquired into upon a *scire facias.*

A judgment of forfeiture upon a recognizance is not, in this State, for a sum of money; it is followed by a *scire facias,* calling upon the sureties to know why judgment should not be awarded against them for the amount of the recognizance, to be followed by execution.

THIS cause was heard before WOODSON, Judge. The case is fully stated in the opinion of the court.

J. B. WHITE, State's Attorney, for The People.

LINCOLN & HERNDON, for Defendants in Error.

BREESE, J. This is an appeal from the judgment of the Menard Circuit Court, on a proceeding by *scire facias,* upon a recognizance in the following form:

STATE OF ILLINOIS,
    *Menard County,* ss :

Personally came before G. U. Miles and William Armstrong, two justices of the peace within and for said county, Joseph Watkins, Lewis Watkins, and Samuel Watkins, and jointly and severally acknowledged themselves to owe and be indebted to the people of the State of Illinois in the sum of three thousand dollars, for the payment whereof they hereby bind themselves, their heirs, executors and administrators ; also, their goods and chattels, lands and tenements.

Signed and sealed this 24th day of October, A. D. 1854.

The condition of the above obligation is such, that, whereas the above bounden Joseph Watkins was this day examined before said justices, on a charge of an assault, with intent to commit murder on the person of David Watkins, of said county, by shooting him with a gun or pistol, on the night of the 16th of October, A. D. 1854, and was required to give bail for his appearance on the first day of the next Circuit Court to be holden within and for the said county of Menard, in the State of Illinois, at the court house in Petersburg, in said county, in the sum of three thousand dollars :

Now, if the said Joseph Watkins shall personally be and appear at the said court house on the said first day of the said term, to answer said complaint, and whatever may then and there be objected against him, and shall abide the order of the court, and not depart without leave, then this recognizance shall be void ; otherwise, to remain in full force and virtue.

JOSEPH WATKINS.    [SEAL.]<br>
SAMUEL WATKINS.    [SEAL.]<br>
L. WATKINS.    [SEAL.]

Taken and acknowledged before us this 24th day of
    October, A. D. 1854.    WM. ARMSTRONG, *J. P*
                G. U. MILES, *J. P.*

This recognizance, it appears from the *scire facias,* was certified and delivered to the clerk of the Circuit Court of Menard county, by the said justices, before the day mentioned for the

appearance of the said Joseph Watkins, and filed on the 2nd day of November, 1854, by the said clerk, in his office, and thereby then and there made a record of said Circuit Court.

The *scire facias* then avers that, afterwards, to wit, at the November term, A. D. 1854, of the Menard county Circuit Court, the grand jury returned a bill of indictment against Joseph Watkins, for an assault, with intent to commit murder, upon the person of David Watkins; that he failed to appear and answer to the charge, and that Samuel Watkins and Lewis Watkins were called to produce the body of said Joseph Watkins, and made default, whereupon the Circuit Court declared the recognizance forfeited, and awarded a *scire facias,* which was only issued and served on Samuel and Lewis Watkins, Joseph Watkins not found.

The parties served appeared at the May term, 1855, and entered their motion to quash the writ of *scire facias,* for various reasons assigned, which the court denied. They then filed a demurrer, which the court overruled, and on withdrawing the demurrer by defendants, they pleaded *fifteen* pleas to the action, very few of which are properly pleadable in such a case.

By returning to the office of the clerk of the Circuit Court the recognizance taken by the magistrates, and filing it in that office, it became a record of that court, on which, being a record, a *scire facias* will lie, and for that reason only.

It being, then, an action upon a record, the first plea of *nil debet* is not a good plea.

The second plea is bad, because it treats the recognizance as a writing obligatory, which it is not: it is a record. It imports absolute verity, and no averment can be taken against it.

The third plea is defective for the same reason, and so of the fourth plea. The fifth plea is bad because it pleads matters of law, and not of fact.

So is the sixth bad, because it alleges matter against the record, which cannot be done; and the seventh plea tenders an immaterial issue, and also matter against the record.

The eighth plea is bad, because it seeks to question the verity of the record of the Menard Circuit Court; and so of the ninth plea.

Matters of law are pleaded in the tenth plea, and not of fact.

The eleventh plea, although not in legal and technical form, will be considered a good plea of *nul tiel record.*

The twelfth plea alleges the death of Joseph Watkins, after the recovery of the judgment in the *scire facias* mentioned, meaning, doubtless, the entry of the forfeiture. It does not state the time when he died, and is defective for that reason.

The thirteenth plea attacks the conduct of the magistrates on

the hearing, in not granting a change of venue when demanded by Joseph Watkins. This is no bar, if the defendant had a right to a change of venue. The refusal to grant a change of venue did not oust them of jurisdiction.

Plea fourteenth, having the same object, is also bad, and so is the fifteenth plea, because it pleads matters of law only, and not facts. So that among all these pleas, but two are considered as appropriate, the eleventh and twelfth, and the twelfth defective in not averring the time of the death of Joseph Watkins. It is surprising the Circuit Court should have treated seriously these pleas, and required replications to them, and demurrers to the replications, encumbering the record with matters foreign to and obscuring the real points in controversy. These points are few and simple. The first fact is, was there a judgment of forfeiture.? This could only be proved by the record, under the eleventh plea. The judgment of forfeiture, under our practice, is not for a sum of money. On the entry, by the clerk, of the default of appearance of the principal, the next order is, that a *scire facias* issue against him and his sureties, the office of which is to inform them (cause them to know) that forfeiture has been entered, and requiring them to show cause why judgment should not be entered against them for the amount of the recognizance, and execution to be levied, etc.

This, when entered of record, cannot be averred against—it is truth itself. The other fact is, was the defendant dead at the time of forfeiture entered, or before or pending the *scire facias*. In either case, the defendants would be discharged.

The official character of the magistrates taking the recognizance, could not be put in issue in this proceeding. It is sufficient that they were acting as justices of the peace. Their election or appointment cannot be inquired into collaterally. The only way to do that, is by *quo warranto*.

No objection will lie to the form of the recognizance. It is like the one adjudged sufficient by this court in the case of *Shattuck et al.* v. *The People*, 4 Scam. R. 478.

The judgment of the Circuit Court is reversed, the cause remanded, and a *venire de novo* awarded, and for further proceedings not inconsistent with this opinion.

*Judgment reversed.*