PACK vs. THE STATE.

Where parties voluntarily enter into a recognizance before a person acting as justice of the peace, they will not be permitted, on a scire facias on the recognizance, to deny, by plea, his right to execute the office of justice of the peace.

To a scire facias on a recognizance to appear at the next term of the Circuit Court to answer to the state upon an indictment for an assault and battery, etc., and not depart from the court without leave thereof, a plea denying the existence of

any indictment for assault and battery, either when the recognizance was made or when the plea was filed, is no defence—unless the principal appeared when called, his recognizance was forfeited.

Instead of being a defence to a scire facias on a forfeited recognizance, the fact that the principal, instead of being indicted for an assault and battery, for which offence he was recognized to appear, was indicted for murder, it is a stronger reason why his securities should have him before the court until discharged by the direct order of the court.

*Appeal from Saline Circuit Court.*

Hon. John J. Clendenin, Circuit Judge.

Watkins & Gallagher, for the appellant.

It may seem like trifling with the majesty of the law, for the state, charging an accused with the crime of murder, to seek to hold him amenable for an assault and battery involved in the commission of that crime.   Nevertheless such a question is here presented.   It is submitted that murder is a crime of such a grade that all lesser offences that may enter into its commission, are merged and lost in it.   The cases decided by this court bearing upon the question are, *McBride vs. The State*, 2 *Eng.* 374; *Cameron vs. The State*, 13 *Ark.*, 714; *Strawn vs. The State*, 14 *Ark.*, 549; *Childs vs. The State*, 15 *Ark.* 204; *Sweeden vs. The State*, 19 *Ark.*, 205; *Guest vs. The State*, *ib.* 406.

Mr. Justice Fairchild delivered the opinion of the Court.

On the 16th of March, 1858, a scire facias issued from the office of the clerk of the Circuit Court of Saline county, reciting that Nathan S. Pack, as principal, and Josiah Brooks and Thomas Pack, as his securities, on the 29th of July, 1857, before John A. P. Bingham, a justice of the peace of the county of Saline, acknowledged themselves to be indebted to the State of Arkansas, in the sum of five hundred dollars, conditioned that Nathan S. Pack should appear before the Saline Circuit Court on the first day of its October term, 1857, to answer to the state upon an indictment for an assault and battery upon R. F. Cheeks, and not depart from the court without leave thereof.

That Nathan S. Pack failed to comply with the condition of the recognizance in not appearing to answer the charge, when he was called therefor, by the court, on the 21st day of October, 1857, during the October term of said Circuit Court for that year, for which his recognizance was forfeited. The *scire facias* also contained the usual clause of summons against the securities, to appear and show cause why final judgment should not be entered against them on the recognizance.

For defence, they pleaded that John A. P. Bingham was not a justice of the peace, acting and duly commissioned as alleged in the writ.

The defendants had voluntarily appeared before Bingham, and entered into a recognizance, and had thereby acknowledged him to be a justice of the peace. This must be so considered, for the *scire facias* charges it, and the plea, in only denying that Bingham was a justice of the peace, admits that notwithstanding this, they entered into the recognizance before him as such justice of the peace, as the *scire facias* shows him to have been at this date. See *Gildersleeve vs. The People*, 10 *Barb.* 40; *The People vs. Kane*, 4 *Denio*, 545.

The right of Bingham to execute the office of a justice of the peace cannot be enquired into in the collateral way proposed by the plea, in a controversy between the state and the defendants to the *scire facias.* *Wilcox vs. Smith*, 5 *Wend.* 234; *The People vs. Cook*, 14 *Barb.* 288.

In making up the grand juries the town of Canaan was entitled to choose but six, but did choose a seventh grand juror, and by him the complaint was preferred, to answer which the recognizance in suit was given. For this, on trial, the recognizance was claimed to be void, but the Supreme Court held that the grand juror's right of office could not be tried in that proceeding: *Douglass vs. Wickwere*, 19 *Conn.* 489.

The demurrer to this plea was properly sustained.

The second plea of the defendants denied the existence of any indictment for assault and battery of R. F. Cheeks, either when the recognizance was made, or when the plea was filed.

The fact presented by the plea is no defence to the recognizance. It is immaterial whether there was any indictment against Nathan S. Pack, at the time the defendants to the *scire facias* assumed their obligation to the state, whether any was found at the term of the Circuit Court to which he was recognized to appear, or whether any was found at all. The appearance of Pack, before the court, his waiting upon the court until the court itself should give him leave to depart, were the conditions of the recognizance, and the fact averred in the plea is no discharge of these conditions. The defendants to the *scire facias* were his jailors; while in their custody he was as much subject to the call of the court as if confined within prison walls; and the securities had no more right to excuse his attendance upon court, on account of no indictment existing, or being preferred against him, than the jailor of the county would have to release from confinement, without an order of court, one committed to jail to await the action of the grand jury, because he might suppose, or had been informed that no bill had been preferred. The plea rests upon the idea that, as there was no indictment of assault and battery against Nathan S. Pack, there was nothing for him to answer to, and that it was useless for him to appear before the court. That might be, but of this the court was to judge. He was in law as much obliged to perform the condition of the recognizance without, as with an indictment against him. *Champlain vs. The People*, 2 *Const.* 83; *State vs. Stout*, 6 *Halst.* 139.

The recognizors are not concerned in the question of there being an indictment against their principal, or in his guilt or innocence of any charge. If there should be no indictment, it might be a good reason for the court to order his discharge, or if he were innocent, or could make a good legal defence to an indictment, that might procure his acquittal and consequent discharge, but these and kindred reasons are no cause for the absence of the principal, are no defence to his securities for not compelling his attendance. *State vs. Stout*, 6 *Halst.* 133; *Archer vs. The Commonwealth*, 10 *Gratt.* 633.

The condition of the recognizance, as set forth in the *scire facias*, was not only to appear and answer to the charge specified, but not to depart from the court without leave thereof. The meaning of that clause is to detain the party to answer charges that may be made against him, other than the particular one mentioned in the recognizance. The law contemplates that the particular charge may not be sustained; that it may not be the one that he will be called to defend, but that out of the transaction some other charge may spring up for which his presence will be needed; or that for some good reason he ought to be subject to the action of the court, upon other grounds than the main specification; and hence this precautionary clause is inserted. *Barb. Crim. Law* 582 ; *The People vs. Stager*, 10 *Wend.* 435 ; *The State vs. Cooper*, 2 *Black. p.* 227.

This is in agreement with previous decisions of this court, in which it has been held that the Circuit Court would not be compelled to accept of the appearance of an absent principal in a recognizance, and the payment of his fine to be assessed on trial, tendered by his surety ; *Warren vs. The State*, 19 *Ark.* 214 ; and that the intermission of a court did not discharge a defendant from appearing at a subsequent court. *Gentry vs. The State.*, 22 *Ark.* 544.

This case is doubtless an extension of the principle of those cases, and is not dependent upon them, but it is well supported by authority, and by a rational interpretation of the recognizance. The second plea was not therefore a bar to the action, as the court below held.

The defendants to the *scire facias* pleaded thirdly, that the grand jury, at the term to which Nathan S. Pack was bound by the recognizance to appear before the court, presented an indictment against him for the murder of the person upon whom, in the recognizance, he is recited to have committed an assault and battery, and that the alleged murder and assault and battery relate to the same transaction, and that the charge of murder is still pending.

The allegations of the plea are the very strongest argument

that could be urged for the enforcement of the recognizance, and show the good sense of the law in holding that a recognizance cannot be discharged in any other way but by the direct order of the court. If the securities of Nathan S. Pack had brought his body before the court, as they were bound to do, the court would have held him to answer to the indictment for murder, and in that way the charge of assault and battery would have been merged in the higher crime.

But because the securities of Pack have, by their own default, permitted a person charged with the crime of murder to escape trial, they ought not to be permitted to say that the pendency of an aggravated charge should exonerate them from doing what they engaged to do.

It may often happen that an injury committed upon the person of another turns out to be more serious than was apprehended at the time of the examination by the committing magistrate; and if that which may seem to be an assault, by lapse of time, becomes murder, it is no reason why the recognizance, entered into upon the supposition of the commission of the lesser offence, should not be fulfilled by the securities, in surrendering the body of the principal, nor is it any reason why, upon their failure to do so, the law should not enforce the recognizance in the only way it can, compel the payment of the money that is acknowledged to be the consequence of such failure.

The judgment of the Circuit Court in sustaining a demurrer to all of the pleas is affirmed.