# THE PEOPLE OF THE STATE OF CALIFORNIA v. HIRAM P. PENNIMAN *et al.*

Right of Discharge from Arrest made under Bench Warrant.—A party who has been indicted for a bailable offense, and is under arrest on a bench warrant, on which an order is indorsed directing the accused to be admitted to bail in a specified sum, is entitled to a discharge from such arrest upon the execution of a written recognizance, in proper form and in the prescribed sum, by two sureties who have justified as to qualifications before a magistrate, as prescribed in sections five hundred and seventeen, five hundred and eighteen, and five hundred and nineteen of the Criminal Practice Act. For this purpose, no indorsement of approval on the recognizance is necessary.

Idem—When Liability of Sureties Attaches.—The responsibility of sureties to such recognizance attaches the moment the party is so released, and their liability is fixed by a breach of its conditions and a forfeiture declared and entered by the proper Court. The justification forms no part of the contract of the sureties to such recognizance, and in no manner affects their liability.

Appeal from the District Court, Fifteenth Judicial District, Contra Costa County.

This was an action upon a bail bond against the sureties. One Bailey had been indicted by the Grand Jury of Contra Costa County for the crime of perjury. A bench warrant was immediately issued upon the indictment and placed in the hands of the Sheriff. The County Court, at the time the bench warrant was directed to issue, ordered that the defendant be admitted to bail in the sum of one thousand dollars. Bailey, upon being arrested by the Sheriff, procured immedi-

ately defendant and one Taylor to sign the bail bond as sureties, who, as such, justified before a Justice of the Peace of said county. The Justice then delivered the bond to the Sheriff, and directed him to take it to the County Judge for approval; whereupon Bailey was discharged from custody. On the following day the bond was delivered by the Sheriff to the County Judge, who indorsed thereon his approval, though neither of the sureties ever appeared or justified before him. When afterwards the indictment was called for trial, Bailey failed to appear, and the recognizance was declared forfeited, and the District Attorney directed to prosecute the same. In this action, which was brought to recover the penalty of the bond, judgment was rendered in the District Court against the sureties for one thousand dollars, the penalty of the bond, and costs. A motion for new trial was denied by the District Court, and defendant Penniman appealed from the judgment and from the order denying said motion.

*Thomas A. Brown,* for Appellant.

*A. Mills, District Attorney of Contra Costa County,* for the People.

By the Court, Sprague, J.:

A party arrested upon a bench warrant issued upon an indictment for a bailable offense, which warrant contains an order that the accused be admitted to bail, with the amount of such bail as fixed by the Court from which the warrant issued indorsed thereon by the Clerk of such Court, is entitled to his release from custody upon the execution of a written recognizance, in proper form, in the prescribed sum, by two sureties, and their justification as to qualifications before any magistrate, as prescribed by sections five hundred and seventeen, five hundred and eighteen, and five hundred and nineteen of our Criminal Practice Act. When such

recognizance has been executed before a magistrate, and the sureties so executing have, by affidavit before him, justified to their qualifications required by section five hundred and seventeen, he may, in his discretion, proceed to further examine such sureties on oath as to their individual qualifications, and if he do not so proceed, it will be presumed that he was satisfied upon the question of their qualifications and sufficiency as sureties by their affidavits. Having taken the justification of sureties in number required by law to the amount fixed by the Court issuing the warrant, it is the duty of the magistrate to immediately deliver the bond to the officer having the person in custody, and thereupon it is the duty of such officer to release the person and return the warrant with the bond to the Clerk of the Court from which the warrant came. The responsibility of the sureties upon the bond attaches the moment the person is so released, and their liability is fixed by a breach of its conditions and forfeiture declared and entered by the proper Court. (*People v. Wolf*, 16 Cal. 385.)

We are not aware of any statute requiring the magistrate before whom a bail bond is executed and justified, or any other officer, to indorse thereon his approval. Such written indorsement or signified approval is clearly not a prerequisite to the validity of a statutory recognizance or the liability of the sureties. "The justification forms no part of the contract of the sureties, and in no manner affects their liability." (*People v. Shirley*, 18 Cal. 121.)

In this case all the requirements of the statute relative to the form and execution of the recognizance and the justification of the sureties seem to have been substantially complied with, and we find no error in the proceedings of the Court below.

Judgment and order affirmed, and remittitur allowed forthwith.