(February 1, 1892.)

## DILLEY v. STATE.

[29 Pac. 48.]

RECOGNIZANCE IN CRIMINAL CASE—DEFENSE BY SURETIES.—1. In an action upon a recognizance in a criminal case, the fact that no order of the magistrate directing the release of the prisoner, after the giving of the recognizance, does not appear in the record cannot obtain as a defense by the sureties.

SURETIES CANNOT ATTACK JURISDICTION.—2. Nor in such a case can the sureties in the recognizance attack the jurisdiction of the magistrate who took the bond, or the grand jury which found the indictment.

(Syllabus by the court.)

APPEAL from District Court, Logan County.

Texas Angel and T. T. Loy, for Appellants.

The objection that the court has no jurisdiction over the subject of the indictment is not waived by a failure to demur.

(Rev. Stats., secs. 7742, 7750; *People v. Mellon,* 40 Cal. 648; Wells' Jurisdiction of Courts, sec. 66.)     Objection to the jurisdiction is available in an action against the sureties on a bond.     (*Dickenson v. State,* 20 Neb. 72, 29 N. W. 184; 3 Criminal Law Magazine, p. 893, par. 1; *Hodges v. State,* 20 Tex. 497; *McGee v. State,* 11 Tex. App. 520; *Williams v. Shelby,* 2 Or. 144; *State v. Nelson,* 28 Mo. 13; *State v. Russell,* 24 Tex. 505; *State v. Woolery,* 39 Mo. 525; *Clark v. Clevelend,* 6 Hill, 347; *People v. Carroll,* 44 Mich. 371, 6 N. W. 871.)     Jurisdiction cannot be given of the subject matter of the suit in a criminal case by consent, or by failure to object to the jurisdiction.     (Wells' Jurisdiction of Courts, sec. 66.)

George H. Roberts, Attorney General, for the State.

The questions of jurisdiction of the justice to examine into the alleged offense should have been raised at the preliminary examination; and after the examination, and upon being held to answer if overruled, the remedy was by *habeas corpus,* if, as alleged, the warrant of the justice shows a conviction of a criminal offense without jurisdiction.     (*Hamilton's Case,* 51 Mich. 174, 16 N. W. 327; Murfree on Justices, 1032.)     It is no defense to an action on the bond against the bail that the accused was illegally in custody at the time the bail was taken.     (*Littleton v. State,* 46 Ark. 413; Am. & Eng. Ency. of Law, 25, note.)

HUSTON, J.—On the 20th of October, 1890, at Bellevue precinct, Logan county, Idaho, upon warrant of arrest issued by T. T. Redsull, a justice of the peace of said precinct, upon a complaint charging him with the crime of grand larceny, one William Ledford was arrested and brought before said magistrate.     The magistrate, after the examination of said Ledford, as prescribed by statute, held him to answer said charge, fixing his bail at the sum of $2,000.     Thereafter, on the twenty-second day of October, said Ledford was, by writ of *habeas corpus,* taken before the judge of said district, who, upon a hearing on said writ of *habeas corpus,* made an order reducing the amount of such bail to the sum of $1,000.     On the twenty-third day of October, 1890, the appellants executed and delivered

to said magistrate a recognizance, in the form prescribed by the statute, on behalf of said Ledford, in the sum of $1,000, and thereupon the said Ledford was released. Ledford was indicted for the crime of grand larceny at the next ensuing term (being the June term, 1891) of the district court of said Logan county, made default, and his recognizance was duly estreated. This action is brought upon the said recognizance, for the recovery, by the state, of the amount prescribed therein. The complaint is in the usual form in such cases, but does not allege or state that an order was made by the justice discharging the defendant from custody, and this omission is urged by appellants as grounds for demurrer to the complaint; and the overruling of the appellants' demurrer is urged here as error, upon said ground. We do not think this position is sustainable. The order admitting the prisoner to bail was regularly made. The recognizance was regularly executed, and thereupon the prisoner, by reason of the giving of such recognizance, was discharged from custody. The object and purpose of the recognizance was served, and that is all the law requires. The making or entry of the order was an immaterial matter, which could in no way affect the liability of the sureties in the recognizance. (*San Francisco v. Randall,* 54 Cal. 408.) The appellants, in their answer to the complaint, allege, in substance, that the grand jury which found the indictment against Ledford had no jurisdiction to entertain said charge, or to find said indictment, for the reason that the offense charged therein, and no part thereof, was committed in Logan county, nor within five hundred yards of the line of Logan county. To this answer a demurrer was filed by the state, which was sustained by the court. The defendants electing to stand upon their answer, judgment was rendered for the state, from which this appeal is taken.

Section 7630 of the Revised Statutes of Idaho (Pen. Code) provides that "the grand jury must inquire into all public offenses committed or triable within the county," etc. *Non constat,* from anything in the answer, that the offense for which the defendant was indicted was not triable in Logan county, although not actually committed there. But there is another view of the case which seems to have been overlooked by the counsel

for the state in presenting this case. It is that, although this question of the jurisdiction of the grand jury to find the indictment might be raised by the prisoner, had he appeared and answered, it cannot be raised in this action. Ledford is not a party to this proceeding. The agreement entered into by the appellants was that Ledford should appear and answer the charge upon which he was held, "in whatever court it may be prosecuted." Failing to do this, his recognizance was forfeited, and his sureties became liable. The jurisdiction of the grand jury to find the indictment could no more be urged as a defense to this action than could the innocence of the defendant. (*State v. Sutcliffe,* 16 R. I. 520, 17 Atl. 920; *Jones v. Gordon,* 82 Ga. 570, 9 S. E. 782; *Lee v. State,* 25 Tex. App. 331, 8 S. W. 277; *State v. Hendricks,* 40 La. Ann. 719, 5 South. 177.) The judgment of the district court is affirmed, with costs to respondent.

Morgan, J., concurs.

SULLIVAN, C. J.—I concur in the conclusion reached.