[Civ. No. 101. Fourth Appellate District.—June 26, 1930.]

THE PEOPLE, etc., Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

Curtis Hillyer for Appellant.

Stephen Connell, District Attorney, and E. I. Kendall, Deputy District Attorney, for Respondent.

MARKS, J.—On May 19, 1927, one J. M. Macbeth was held to answer to the Superior Court of San Diego County on a charge of grand larceny by a justice of the peace of San Diego township, sitting as a committing magistrate, and his bail fixed at $1,000. On May 31, 1927, and before the filing of the information in the superior court, appellant executed a bail bond for Macbeth in the form prescribed in section 1278 of the Penal Code, which was presented to the committing magistrate, who approved the same and ordered the release of Macbeth on the same day. He was released from custody by the sheriff of San Diego County. The bond was filed with the county clerk on June 1, 1927. Macbeth was regularly arraigned in the superior court and entered a plea of not guilty. He did not appear for trial and the bond was forfeited.

This action was instituted in the court below to recover the principal sum named in the bond as its penalty. The answer admitted all of the material allegations of the complaint, except the indebtedness of appellant to respondent, and set up the affirmative defense that the committing magistrate had no jurisdiction to accept the bond. Judgment was rendered for respondent on the pleadings and the case comes before this court on the judgment-roll. The sole question to be determined here is whether the acceptance and approval of the bond by the committing magistrate, twelve days after he had held Macbeth to answer, rendered the undertaking void.

If, at a preliminary examination, it appears that a public offense, coming within the jurisdiction of the superior court, has been committed, and that there is probable cause to believe the defendant guilty thereof, he must be held to answer. (Sec. 872, Pen. Code.) If the offense is bailable, an order that the defendant be admitted to bail in a fixed amount must be added by the magistrate to the order holding him to answer. (Sec. 875, Pen. Code.) Where a defendant is held to answer it is the duty of the magistrate to "return to the clerk of the court at which the defendant is required to appear, the warrant, if any, the depositions, and all undertakings of bail." (Sec. 883, Pen. Code.) Where the proceedings at the preliminary examination are taken by a reporter, he is given ten

days in which to transcribe his notes and file such transcription with the county clerk. (Sec. 869, Pen. Code.) It is clear that the order admitting to and fixing the amount of bail is made after the defendant is held to answer. It also follows that the approval of a bail bond and the order of release must occur after fixing the amount of bail.

Admission to bail is the order that the defendant be discharged from custody upon bail (sec. 1268, Pen. Code). The taking of bail is defined by section 1269 of the Penal Code, and the nature of the bail applicable to this case, by subdivision two of section 1273 of the same code. The form of the undertaking is prescribed by section 1278 of the Penal Code, which provides that the surety must undertake that the defendant "will appear and answer the charge above mentioned, in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and processes of the court." Section 1277 of the Penal Code provides as follows:

"When the defendant has been held to answer upon an examination for a public offense, the admission to bail may be by the magistrate by whom he is so held, or by any magistrate who has power to issue the writ of *habeas corpus.*"

From the foregoing we can find no reason for holding that the committing magistrate cannot take and approve a bail bond after the defendant was held to answer and before an information be filed in the superior court. In the case of *People* v. *Follette,* 74 Cal. App. 178 [240 Pac. 502, 520], two defendants were held to answer by a magistrate on March 5, 1923, and their bail was fixed. On April 17, 1923, purported bonds were presented to the magistrate, approved by him, and the defendants released. Under these circumstances the court held:

"Section 1277 of the Penal Code provides that 'the admission to bail may be made by the magistrate by whom he is so held, or by any magistrate who has power to issue the writ of *habeas corpus.*' Section 1280 provides that 'The bail must in all cases justify by affidavit, taken before the magistrate,' etc. And the provisions of section 1281 are that 'Upon the allowance of bail and the execution of the undertaking, the magistrate must, if the

defendant is in custody, make and sign an order for his discharge.' From these sections of the code it is apparent that it is the intent of the law that the magistrate admitting the defendant to bail is the only one before whom the bail may justify, and the only magistrate authorized to make and sign the defendant's discharge upon the allowance of bail and the execution of the undertaking.''

The case of *State* v. *Lagoni,* 30 Mont. 472 [76 Pac. 1044], is directly in point. Section 2350 of the Penal Code of Montana is similar in language to section 1277 of our Penal Code. In this case the Supreme Court of Montana held that the committing magistrate could approve a bail bond after he had certified his proceedings to the district court.

█ The action before us is based upon contract. The consideration for the contract was the release of Macbeth from custody. One of the conditions of the contract was his appearance before the superior court for trial. In case of a breach of this condition, appellant promised to pay the principal sum of the bond. Macbeth did not appear for trial and under the terms of this contract appellant became indebted to respondent in the sum of $1,000. The obligation of appellant must be measured by the terms of its contract. (*Hill* v. *New Amsterdam Casualty Co.,* 105 Cal. App. 156 [286 Pac. 1103].) ''Moreover, the examination of sureties or formal approval of a bond is not a part of the contract entered into by the sureties (3 Cal. Jur. 1059; *Carpenter* v. *Furrey,* 128 Cal. 666 [61 Pac. 369]).'' (*County of Los Angeles* v. *Grannis,* 88 Cal. App. 391 [263 Pac. 835].) Under the facts of this case appellant must be held to the terms of its contract.

Judgment affirmed.

Cary, P. J., and Ames, J., *pro tem.,* concurred.