[No. B006063. Second Dist., Div. Seven. Feb. 25, 1985.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA, Defendant and
Appellant.

1222

## COUNSEL

E. Alan Nunez and Mark L. Bernstein for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and Dennis M. Gonzales, Senior Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**LILLIE, P. J.**—Surety Insurance Company of California appeals from summary judgment entered against it pursuant to the provisions of Penal Code sections 1305 and 1306[1] following the forfeiture of a bail bond in the

---

[1]Penal Code section 1305 provides in pertinent part: "(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail . . . must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds one hundred dollars ($100), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond . . . . [¶] Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking . . . shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief . . . . Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be . . . ."

Penal Code section 1306 provides in pertinent part: "(a) When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. . . ."

sum of $10,000 furnished by appellant to secure the appearance of one Sonia Yenis on a felony charge. The bond included the following provision: "If the forfeiture of this bond be ordered by the Court, a judgment may be summarily made and entered forthwith against the said Surety Insurance Company of California, a California corporation, for the amount of its undertaking herein, as provided by Sections 1305 and 1306 of the California Penal Code." (See Pen. Code, § 1278.)

 By reason of such a provision in a bail bond, a summary judgment duly entered in accord with sections 1305 and 1306 following a forfeiture is entered pursuant to the consent of the surety, and therefore is not appealable. (*People* v. *Hodges* (1928) 205 Cal. 476, 477 [271 P. 897]; *Bean* v. *County of Los Angeles* (1967) 252 Cal.App.2d 754, 759-760 [60 Cal.Rptr. 804]; *People* v. *Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 382 [31 Cal.Rptr. 208]; *People* v. *Pacific Indemnity Co.* (1931) 114 Cal.App. 563, 564 [300 P. 46]; *People* v. *Aymar* (1929) 98 Cal.App. 1, 5 [276 P. 595]; 17 Cal.Jur.3d, Criminal Law, § 456, p. 810.) "[S]ince judgment against the bail is one taken by consent, the obligation assumed by the bail is absolute but for the defenses set forth in section 1305 of the Penal Code and even these must be asserted within the [180]-day period before the court loses jurisdiction. If the motion is not timely made, for such relief, the consent judgment must be entered from which there is no appeal, the [180]-day period being a period of limitation for any permissible relief." (*People* v. *Stuyvesant Ins. Co., supra*, 216 Cal.App.2d 380, 382.)

 There is an exception to the rule that a summary judgment entered following bail bond forfeiture is not appealable. An appeal will lie where it is claimed that the judgment was not entered in accordance with the consent given in the undertaking. (*People* v. *Cotton Belt Insurance Co.* (1983) 143 Cal.App.3d 805, 808 [192 Cal.Rptr. 210]; see also *People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917]; *People* v. *Aymar, supra*, 98 Cal.App. 1, 5.) Appellant contends that the forfeiture and the summary judgment must be set aside because the bond was not accepted or approved in writing, as required by Penal Code section 1269a, and therefore is void; consequently, appellant was not obligated under the bond. Construing this contention liberally in favor of the appealability of the summary judgment, it may be said appellant argues that the bond, including the consent provision therein, is void and hence there was no consent upon which to base the judgment. The premise underlying such argument, i.e., the bond is void for lack of written acceptance or approval, is false.

Penal Code section 1269a provides: "Except as otherwise provided by law, no defendant charged in a warrant of arrest with any public offense shall be discharged from custody upon bail except upon a written order of

a competent court or magistrate admitting the defendant to bail in the amount specified in the indorsement referred to in Section 815a, and where an undertaking is furnished, upon a written order of such court or magistrate approving the undertaking. All such orders must be signed by such court or magistrate and delivered to the officer having custody of the defendant before the defendant is released. Any officer releasing any defendant upon bail otherwise than as herein provided shall be guilty of a misdemeanor." In asserting that a bail bond is void under section 1269a unless approved by written order of a court or magistrate, appellant ignores the fact that the statute does not address the validity of the bond but rather the procedure for the release of a defendant from custody upon bail. Certainly, nothing in section 1269a suggests that a surety is relieved of the obligations imposed by its undertaking because the bond furnished by it was not approved on the defendant's release from custody.

In *Western Surety Co.* v. *Municipal Court* (1937) 20 Cal.App.2d 442 [66 P.2d 1236], the surety on a bail bond which had been forfeited attempted to prevent entry of summary judgment on the bond by arguing that it was of no force because it was approved by a justice of the peace other than the one who had issued the warrant for arrest of the person held in custody. ■ In rejecting this contention the court stated: "Defects and irregularities, if any, in the proceedings preliminary to the taking of bail are considered as waived by the surety when it assumes its obligations as such at the time of execution of the bond. It is settled law in California that the approval of a bail bond and the justification of sureties is not a part of the contract of bail. . . . The surety may not avoid its obligations by contending that the bond was presented to the wrong magistrate and that the approval and release thereby obtained were illegal." (*Western Surety Co.* v. *Municipal Court, supra,* 20 Cal.App.2d at pp. 443-444.) **(3b)** The same result should follow where, as in the present case, it is claimed that the bail bond is void because it was not approved by written order upon release of the defendant from custody.

Appellant also cites Penal Code section 1269b[2] in support of its contention that a bail bond is void unless accepted or approved in writing. While that

---

[2]Penal Code section 1269b provides in pertinent part: "(a) The officer in charge of a jail where an arrested person is held in custody, an officer of a sheriff's department or police department of a city who is in charge of a jail or employed at a fixed police or sheriff's facility and is acting under an agreement with the agency which keeps the jail wherein an arrested person is held in custody, an employee of a sheriff's department or police department of a city who is assigned by such department to collect bail, the clerk of the justice or municipal court of the judicial district in which the offense was alleged to have been committed, and the clerk of the superior court in which the case against the defendant is pending shall have authority to approve and accept bail in such amount as fixed by the warrant of arrest or schedule of bail or order admitting to bail in cash or surety bond executed by a

statute authorizes the persons enumerated therein to "approve and accept bail," it does not require that such acceptance and approval be indicated in writing. Appellant argues that section 1269b must be read in conjunction with section 1269a, which provides for approval of an undertaking by written order. Reading into section 1269b the requirement of a written order by reference to section 1269a does not aid appellant inasmuch as neither statute makes a bail bond void for lack of written approval.

The bond furnished by appellant includes at the bottom an uncompleted form containing a space for the date of acceptance or approval, followed by a line for signature. Such form is surplusage; its completion is not necessary for the validity of the bond and the creation of appellant's liability thereon. "We are not aware of any statute requiring the magistrate before whom a bail bond is executed and justified, or any other officer, to indorse thereon his approval. Such written indorsement or signified approval is clearly not a prerequisite to the validity of a statutory recognizance or the liability of the sureties. 'The justification forms no part of the contract of the sureties, and in no manner affects their liability.' [Citation.]" (*People* v. *Penniman* (1869) 37 Cal. 271, 273.) The foregoing principles, enunciated by our Supreme Court more than a century ago, are unchanged by statute and remain sound. Penal Code section 1278, which specifies the form and content of a bail bond, does not require that approval or acceptance of the bond be indicated thereon.

## DISPOSITION

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.

A petition for a rehearing was denied March 18, 1985, and appellant's petition for a hearing by the Supreme Court was denied May 1, 1985.

---

certified, admitted surety insurer as provided in the Insurance Code, to issue and sign an order for the release of the arrested person, and to set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof."