[No. B006519. Second Dist., Div. Five. Mar. 15, 1985.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA,
Defendant and Appellant.

COUNSEL

E. Alan Nunez and Mark L. Bernstein for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and Dennis M. Gonzales, Senior Deputy County Counsel, for Plaintiff and Respondent.

OPINION

ASHBY, Acting P. J.—Appellant Surety Insurance Company appeals from an order denying appellant's motion to set aside a summary judgment on bail bond forfeiture. (Pen. Code, § 1306.)[1]

---

[1] We find the notice of appeal was timely filed by virtue of rule 1(c), California Rules of Court.

Appellant's bail bond, executed by appellant's attorney in fact and licensed bail agent, and filed January 7, 1982, undertook that the defendant in a certain criminal prosecution, People v. Davila (Super. Ct. L.A. Co., No. A344714), would appear in court on January 11, or if the defendant failed to perform such conditions appellant would pay the People of the State of California $15,000. Davila failed to appear on January 11, bail was forfeited, appellant failed to move within 180 days to set aside the forfeiture, and summary judgment pursuant to Penal Code section 1306 was entered against appellant on September 23, 1982.

On December 1, 1983, appellant moved to set aside the judgment, contending that the bond was "void." The trial court denied the motion and this appeal followed.

■ Appellant based its motion on the fact that at the bottom of appellant's bail bond form there is a blank which states:

"Accepted/
"Approved this _____ day of _____, 19___

_____
(Name and Title)"

Appellant contends that this blank is for the court's approval of the bond pursuant to Penal Code section 1269a, and that the absence of a judicial indorsement of approval on the face of the bond renders the bond void and unenforceable. There is no merit to this contention.[2]

Appellant cites Penal Code section 1269a which provides: "Except as otherwise provided by law, no defendant charged in a warrant of arrest with any public offense shall be discharged from custody upon bail except upon a written order of a competent court or magistrate admitting the defendant to bail in the amount specified in the indorsement referred to in Section 815a, *and where an undertaking is furnished, upon a written order of such court or magistrate approving the undertaking.* All such orders must be signed by such court or magistrate and delivered to the officer having custody of the defendant before the defendant is released. Any officer releasing any defendant upon bail otherwise than as herein provided shall be guilty of a misdemeanor." (Italics added.)

However, Penal Code section 1269b, subdivision (a), extends authority to certain jail custodians and clerks "to approve and accept bail in such

_____

[2]Actually a pair of initials appears next to the blank in question. For purposes of discussion, however, we shall assume the form was left blank.

amount as fixed by the warrant of arrest or schedule of bail or order admitting to bail in cash or surety bond executed by a certified, admitted surety insurer as provided in the Insurance Code, to issue and sign an order for the release of the arrested person, and to set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof."

Contrary to appellant's contention, nothing in the statutes expressly requires that a written order approving an undertaking pursuant to section 1269a, be indorsed on the face of the bond. (Cf. *People* v. *Penniman* (1869) 37 Cal. 271, 273.)[3] There is even less reason to require such an indorsement on the bond of a corporate admitted surety insurer regulated under the Insurance Code. Personal surety bonds have largely been replaced in practice by bonds issued by corporate sureties and sold by licensed bail bondsmen. (Gufstafson, *Bail in California* (1956) 44 Cal.L.Rev. 815, 826.) Penal Code section 1276, subdivision (a), provides: "A bail bond or undertaking of bail of an admitted surety insurer *shall* be accepted or approved by a court or magistrate without further acknowledgment if executed by a licensed bail agent of the insurer under penalty of perjury and issued in the name of the insurer by a person authorized to do so by an unrevoked power of attorney on file in the office of the clerk of the county in which the court or magistrate is located." (Italics added.)[4] The Insurance Commissioner supplies each county clerk with a list of all such insurers. (Ins. Code, §§ 12070, 12071.) Since approval of undertakings by such insurers is mandated by Penal Code section 1276, and even jail custodians and clerks are authorized by Penal Code section 1269b, subdivision (a), to approve and accept bail, "in cash or surety bond executed by a certified, admitted surety insurer as provided in the Insurance Code," it would be absurd to hold such a bond fatally defective on the ground it does not contain an indorsement of judicial approval on its face pursuant to Penal Code section 1269a.

■ In any event, it is well established that approval of a bond is not a part of the contract of bail and that the surety may not avoid its obligations by contending there was a defect in the approval procedure. (*Western Surety Co.* v. *Municipal Court* (1937) 20 Cal.App.2d 442, 444 [66 P.2d 1236]; *People* v. *Fidelity & Deposit Co.* (1930) 106 Cal.App. 686, 689 [289 P. 896]; *People* v. *Lepori* (1917) 35 Cal.App. 60, 62 [169 P. 692].) The prom-

---

[3]This would be consistent with the rule stated in 8 Corpus Juris Secundum, Bail, section 61(2), page 184, that "the approval of a bail bond or of a recognizance need not be indorsed on it, in order to render it valid, since it will be presumed that it has been duly accepted and approved by the proper officer; and the fact of approval may be shown by other evidence than the existence of the word 'approved' written on the instrument." (Fn. omitted.)

[4]Penal Code section 1276 continues the substance of former Code of Civil Procedure section 1056. (16 Cal. Law Revision Com. Rep. (1981) pp. 501, 606.)

ise of the bond was properly executed by appellant's agents, to secure the appearance of the defendant upon his release from custody, and the contract became binding upon the defendant's release. (*Western Surety Co.* v. *Municipal Court, supra,* 20 Cal.App.2d 442; *People* v. *Fidelity & Deposit Co., supra,* 106 Cal.App. 686.)

The order is affirmed.

Hastings, J., and Eagleson, J., concurred.

A petition for a rehearing was denied April 3, 1985, and appellant's petition for review by the Supreme Court was denied May 22, 1985.