Filed 8/26/20  P. v. The North River Insurance Co. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF

## CALIFORNIA SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>THE NORTH RIVER INSURANCE CO.,<br><br>        Defendant and Appellant;<br><br>BAD BOYS BAIL BONDS,<br><br>        Real Party in Interest and Appellant. | B292403<br><br>(Los Angeles County Super. Ct. Nos. SJ4457; BA441726) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher K. Lui, Judge. Affirmed.

Jefferson T. Stamp, for Appellants.

Office of the County Counsel, Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and David D. Lee, Deputy County Counsel, for Plaintiff and Respondent.

Bad Boys Bail Bonds, acting as the agent for The North River Insurance Company (Agent and Surety, respectively) posted a bail bond in the amount of $125,000 on behalf of criminal defendant Marquise Marshall (Marshall), who subsequently failed to appear for his sentencing hearing. After the trial court granted summary judgment on the forfeited bond, Agent and Surety moved to set aside the judgment, citing *In re Humphrey* (2018) 19 Cal.App.5th 1006, review granted May 23, 2018, S247278 (*Humphrey*) to argue the court should have considered Marshall's ability to pay and whether less restrictive alternatives to pretrial detention were available when it set bail. The trial court denied the motion, and we consider whether the purported violation of Marshall's constitutional rights bears upon the enforceability of the bail bond.

## I. BACKGROUND

At his arraignment in March 2016, Marshall asked the trial court to release him on his own recognizance or to reduce the amount of his bail. The trial court ordered Marshall remanded and set bail at $125,000. Agent and Surety issued a bail bond in that amount and secured Marshall's release.

Several months later, after pleading no contest to certain charges, Marshall failed to appear at his sentencing hearing. The trial court ordered the bail bond forfeited. Agent and Surety successfully moved to extend the appearance period, but they were unable to locate Marshall. The trial court then entered summary judgment on the forfeited bond in October 2017.

In January 2018, the First District Court of Appeal decided *Humphrey*, *supra*, 19 Cal.App.5th 1006. In that case, the defendant moved to reduce his bail amount or be released on his

own recognizance. (*Id.* at 1017-1019.) The trial court reduced bail to $350,000, but when the defendant's attorney pointed out that the defendant was "too poor 'to make even $350,000 bail,'" the court "did not comment on the anomalousness of imposing a condition of release that it made impossible for petitioner to satisfy by setting bail at an unattainable figure." (*Id.* at 1021.) The Court of Appeal held that the trial court's "unquestioning reliance upon the bail schedule without consideration of [the] defendant's ability to pay, as well as other individualized factors bearing upon his . . . dangerousness and/or risk of flight, runs afoul of the requirements of due process for a decision that may result in pretrial detention." (*Id.* at 1044.) The court ordered a new bail hearing "at which [the defendant] is afforded the opportunity to provide evidence and argument, and the court considers his financial resources and other relevant circumstances, as well as alternatives to money bail. If the court determines that petitioner is unable to afford the amount of money bail it finds necessary to ensure petitioner's future court appearances, it may set bail at that amount only upon a determination by clear and convincing evidence that no less restrictive alternative will satisfy that purpose." (*Id.* at 1048.) Our Supreme Court later granted a petition to review the *Humphrey* opinion.

Relying on *Humphrey*, Agent and Surety moved to set aside the summary judgment, vacate the forfeiture, and exonerate the bond in this case. Surety argued that because the trial court did not inquire into Marshall's ability to pay or whether less restrictive alternatives were available to serve the government's interests when it set bail, the bail order was void and the bond unenforceable.

4

The trial court denied Agent and Surety's motion, articulating six reasons supporting denial: (1) the motion amounted to an improper attempt to have the trial court review another court's order setting bail; (2) *Humphrey* was not binding authority because the Supreme Court had granted review; (3) even if *Humphrey* were binding, North River would have no standing to "vicariously assert [Marshall's] constitutional rights"; (4) retroactive application of *Humphrey* would have an unacceptable impact on the administration of justice; (5) even if *Humphrey* were binding and applied retroactively, the court's failure to comply with *Humphrey* would not be a defense to forfeiture of the bail bond; and (6) *Humphrey* is distinguishable in any event because it addresses criminal defendants' *pretrial* liberty interests whereas Marshall was already a convicted felon and not entitled to bail as a matter of right when he missed his sentencing hearing.

## II. DISCUSSION

Agent and Surety's appeal ignores most of the grounds for the trial court ruling challenged on appeal and focuses exclusively on the theory that the bail bond is void because the purported violation of Marshall's rights deprived them of constructive custody over Marshall and, thus, of the right to surrender Marshall in exoneration of the bond. Although Agent and Surety have forfeited any contention that the trial court erred with respect to the alternative grounds for its order, which could alone warrant affirmance (see *Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125-126), the appeal lacks merit even as to the lone issue it does raise. The asserted violation of Marshall's rights does not render the bail bond void.

5

The same issue presented in this appeal arose in *People v. The North River Insurance Company* (2020) 48 Cal.App.5th 226 (*North River*). In that case, the agent and surety—the same agent and surety as in this case—argued a purported *Humphrey* violation "deprived the [trial] court of the power to detain [the] defendant and thus deprived the surety of the power to constructively detain him on bail, such that the surety lacked any power to rearrest [the] defendant and must therefore be excused from any obligation under the bond." (*Id.* at 232.)

Among other reasons for rejecting that argument, the *North River* court held "any noncompliance with *Humphrey* would, at best, render the bail order voidable *as to the defendant, not as to the surety.*" (*North River*, *supra*, 47 Cal.App.5th at 235.) The Court of Appeal explained "[b]ail is a function of 'two different contracts between three different parties'—namely, (1) a contract between a criminal defendant and a surety under which the surety posts a bail bond in exchange for the defendant's payment of a premium and his promise to pay the full amount of the bond in the event of his nonappearance, and (2) a contract between the surety and the People under which the surety ""'act[s] as a guarantor of the defendant's appearance in court under risk of forfeiture of the bond.""' [Citations.]' [Citations.]" (*Ibid.*) Defects in the underlying criminal prosecution do not bear on "the trial court-surety leg of the triangle." (*Id.* at 237.)

The *North River* court's reasoning is sound. "Time and again, courts have ruled that errors in a trial court's setting of bail during the criminal prosecution do not let the surety off the hook in the collateral bail proceedings." (*North River*, *supra*, 47 Cal.App.5th at 235 [citing *People v. Accredited Surety & Casualty Co., Inc.* (2004) 125 Cal.App.4th 1, 4, 6-8; *People v. Accredited*

6

*Surety & Casualty Co., Inc.* (2019) 34 Cal.App.5th 891, 897-899; *People v. Financial Casualty & Surety* (2019) 39 Cal.App.5th 1213, 1216-1217, 1226-1227].) We follow *North River*, finding Agent and Surety's citations to inapposite authority (and an out of state case) unpersuasive. (*Id.* at 235-236.)

## DISPOSITION

The trial court's order is affirmed. Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.