Filed 9/29/20  P. v. The North River Ins. Co. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>THE NORTH RIVER INSURANCE CO.,<br><br>        Defendant and Appellant;<br><br>BAD BOYS BAIL BONDS,<br><br>        Real Party in Interest and Appellant. | B294457<br><br>(Los Angeles County Super. Ct. Nos. OSJ1825, GA093074) |

        APPEAL from an order of the Superior Court of Los Angeles County, Kerry Bensinger, Judge.  Affirmed.
        Jefferson T. Stamp, for Appellants.

Office of the County Counsel, Mary C. Wickham, County Counsel, and Adrian G. Gragas, Assistant County Counsel, for Plaintiff and Respondent.

Bad Boys Bail Bonds, acting as the agent for The North River Insurance Company (Agent and Surety, respectively), posted a bail bond in the amount of $150,000 on behalf of criminal defendant Michael Shanazari (Shanazari). The trial court ordered the bond forfeited when Shanazari failed to appear for a hearing and later entered summary judgment on the forfeited bond. In this appeal from the trial court's denial of Agent and Surety's motion to set aside the judgment, we are asked to decide whether the bail bond is void because the trial court did not inquire into Shanazari's ability to pay when setting bail, as *In re Humphrey* (2018) 19 Cal.App.5th 1006, review granted May 23, 2018, S247278 (*Humphrey*) holds a trial court should. We also consider whether the judgment is void because it was not entered by the same judge who ordered the bond forfeited.

## I. BACKGROUND

Shanazari was arraigned on several felony charges in April 2014. The trial court stated the recommended bail was $150,000 and asked whether either side wished to be heard. Both sides submitted, and bail was set at $150,000. Agent and Surety issued a bail bond in that amount and secured Shanazari's release.

In February 2015, Shanazari failed to appear for a hearing and the trial court ordered the bail bond forfeited. Agent successfully moved to extend the appearance period, but it was unable to locate Shanazari. The trial court entered summary

judgment on the forfeited bond pursuant to Penal Code[1] section 1306, subdivision (a) in March 2016.  The judge who entered summary judgment was not the judge who ordered the bail bond forfeited.

In January 2018, the First District Court of Appeal decided *Humphrey*, *supra*, 19 Cal.App.5th 1006.  The Court of Appeal held that the trial court's "unquestioning reliance upon the bail schedule without consideration of [the] defendant's ability to pay, as well as other individualized factors bearing upon his . . . dangerousness and/or risk of flight, runs afoul of the requirements of due process for a decision that may result in pretrial detention."  (*Id.* at 1044.)

Relying on *Humphrey*, Agent and Surety moved to set aside the summary judgment, vacate forfeiture, and exonerate the bail bond in this case.  They argued the bail order was void because the trial court did not inquire into Shanazari's ability to pay or whether less restrictive alternatives were available to serve the government's interests.  As a result, Agent and Surety argued, they never had constructive custody over Shanazari and could not surrender him in exoneration of the bond, rendering the bail bond void for lack of consideration.  Agent and Surety further argued that entry of summary judgment by a judge other than the judge who ordered the forfeiture violated their due process rights and statutory rights.

The trial court denied Agent and Surety's motion.  As to the argument based on *Humphrey*, the trial court held that a purported *Humphrey* violation is not a defense to forfeiture,

---

[1]    Undesignated statutory references that follow are to the Penal Code.

4

*Humphrey* is no longer binding authority because our Supreme Court granted review, Agent and Surety could not vicariously assert Shanazari's rights, and the motion was an improper attempt to have the trial court review the order setting bail. As to the argument that summary judgment must be entered by the same judge who ordered the forfeiture of the bail bond, the trial court held there was no basis for this construction of section 1306, subdivision (a)'s requirement that summary judgment must be entered by "the *court* which has declared the forfeiture." (§ 1306, subd. (a), emphasis added.)

## II.  DISCUSSION

Neither the asserted *Humphrey* violation nor the fact that different judges ordered forfeiture and entered summary judgment warrants reversal of the trial court's denial of Agent and Surety's motion. Even if it was error for the court not to inquire further when Shanazari's counsel did not object to the recommended bail amount (an issue we need not reach), the asserted infringement on Shanazari's rights does not render the bail bond void. There is also no statutory requirement that summary judgment be entered by the same judge who ordered the bail bond forfeited, and Agent and Surety's due process argument to the contrary rests on the false premise that forfeiture and summary judgment are based on the same underlying facts.

### A.     *The Asserted* Humphrey *Violation*

The impact of an asserted *Humphrey* violation upon a bail bond was discussed in *People v. The North River Insurance Company* (2020) 48 Cal.App.5th 226 (*North River I*). In that case,

5

the agent and surety—the same agent and surety as in this case—argued that a purported *Humphrey* violation "deprived the [trial] court of the power to detain [the] defendant and thus deprived the surety of the power to constructively detain him on bail, such that the surety lacked any power to rearrest [the] defendant and must therefore be excused from any obligation under the bond." (*Id.* at 232.)

Among other reasons for rejecting that argument, the *North River I* court held "any noncompliance with *Humphrey* would, at best, render the bail order voidable *as to the defendant, not as to the surety*." (*North River I*, *supra*, 47 Cal.App.5th at 235.) The Court of Appeal explained "[b]ail is a function of 'two different contracts between three different parties'—namely, (1) a contract between a criminal defendant and a surety under which the surety posts a bail bond in exchange for the defendant's payment of a premium and his promise to pay the full amount of the bond in the event of his nonappearance, and (2) a contract between the surety and the People under which the surety ""'act[s] as a guarantor of the defendant's appearance in court under risk of forfeiture of the bond.'"" [Citations.]' [Citations.]" (*Ibid.*) Defects in the underlying criminal prosecution do not bear on "the trial court-surety leg of the triangle." (*Id.* at 237.)

The *North River I* court's reasoning is sound. "Time and again, courts have ruled that errors in a trial court's setting of bail during the criminal prosecution do not let the surety off the hook in the collateral bail proceedings." (*North River I*, *supra*, 48 Cal.App.5th at 235 [citing *People v. Accredited Surety & Casualty Co., Inc.* (2004) 125 Cal.App.4th 1, 4, 6-8; *People v. Accredited Surety & Casualty Co., Inc.* (2019) 34 Cal.App.5th 891, 897-899; *People v. Financial Casualty & Surety* (2019) 39 Cal.App.5th

6

1213, 1216-1217, 1226-1227].) We follow *North River I* and reject Agent and Surety's arguments to the contrary. (*Id.* at 235-236.)

  B. *Different Judges Ruling on Forfeiture and Summary Judgment*

  Section 1305, subdivision (a)(1) provides that "[a] court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear" at specified stages of the criminal proceedings. (§ 1305, subd. (a)(1).) Section 1306, subdivision (a) provides, in pertinent part, that "[w]hen any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound." (§ 1306, subd. (a).)

  Agent and Surety contend that section 1306, subdivision (a)'s reference to "the court which has declared the forfeiture" must be construed as "the *judge* who has declared the forfeiture," and that, in any case, entry of summary judgment by a judge other than the judge who declared the forfeiture violates due process. These arguments were discussed and rejected in *People v. North River Insurance Company* (2020) 53 Cal.App.5th 559, 565 ["Section 1306 plainly requires the court that declared the forfeiture to enter the summary judgment. However, that language does not state, and does not mean, the same judge of the court must enter both orders"] (*North River II*); see also *id.* at 567-568 [holding there was no due process violation]. We follow the *North River II* court's well-reasoned conclusions and, for the

7

same reasons, reject the same arguments Agent and Surety make here.

## DISPOSITION

The trial court's order is affirmed. Respondent shall recover its costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

8