Filed 1/27/22  P. v. American Surety Co. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN SURETY COMPANY,<br><br>    Defendant and Appellant. | 2d Civil No. B311899<br>(Super. Ct. No. 56-2020-00541778-CU-BC-VTA)<br>(Ventura County) |

American Surety Company (American Surety) appeals from an order denying its motion to set aside summary judgment on forfeiture of a bail bond.  American Surety ignores the basis of the trial court's ruling and omits material trial court filings from the record.  This precludes us from considering the appeal's merits.  Had we done so, we would have rejected the surety's challenges to California's consent judgment procedures as contrary to clear, prevailing authority.  Judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The Ventura County District Attorney charged Cristian Otega Cruz with transporting or selling methamphetamine on November 1, 2018.[1]  Cruz pleaded not guilty.  The trial court remanded him to custody in lieu of bail in the amount of $100,000.  Trust of Bankers, a different surety than appellant, posted a bond for Cruz's release shortly after his bail review hearing on November 5.  Cruz failed to appear for the preliminary hearing.  The court ordered the bond forfeited, issued a warrant, and set bail at $125,000.  Cruz promptly returned to custody.  The court exonerated the Trust of Bankers bond and again remanded him to custody in lieu of bail.  The court reduced bail to $100,000 over the People's objection at a second review hearing.  American Surety posted the bond at issue in December 2018.

Cruz failed to appear at the pre-trial conference in March of 2019.  The court ordered his bond forfeited and directed the clerk to mail notice of forfeiture to American Surety.  Respondent County of Ventura (County) filed this case on June 10, 2020.  The court entered summary judgment against American Surety in the amount of $100,000 plus costs.  (Pen. Code, § 1306, subd. (a).[2])

American Surety moved to vacate summary judgment under section 1305.4 in December of 2020.  The court denied the motion on January 26, 2021.  American Surety then moved to set aside the summary judgment contending the court lacked jurisdiction to enter judgment because it set bail at an unconstitutional amount.  The court denied the motion as an

_____

[1] Superior Court, County of Ventura case no. 2018037637.

[2] We cite the Penal Code unless otherwise noted.

improper motion for reconsideration on April 8, 2021. American Surety appeals the April 8 order. (See *People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592 [orders denying section 1305 motions to vacate appealable].)

DISCUSSION

*Timeliness of Appeal*

The County asserts the appeal is untimely because it was filed more than 60 days after the court denied the surety's first motion on January 26, 2021. American Surety does not respond to this challenge in its reply briefing. Nevertheless, we conclude the appeal is timely. The parties waived notice of the court's ruling on January 26. A 180-day appeal period thus applies, making the April 23 appeal timely by any calculation. (See Cal. Rules of Court, rule 8.104(a)(3).)[3]

*Adequacy of Record on Appeal*

American Surety sidesteps the crux of the trial court's April 8 ruling, i.e., that the motion to set aside was an improper motion to reconsider the December 2020 motion to vacate. It makes no mention of the prior motion in its briefs and omits the moving and opposition papers from the record. This precludes any meaningful review of the April 8 order. We assume the trial court ruled correctly in the absence of a complete record. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 ["a trial court judgment is ordinarily presumed to be correct and the burden is

---

[3] Rule 8.104(a)(3) states: "If the parties stipulated in the trial court under Code of Civil Procedure section 1019.5 to waive notice of the court order being appealed, the time to appeal under (1)(C) [i.e., 180 days] applies unless the court or a party serves notice of entry of judgment or a filed-endorsed copy of the judgment to start the time period under (1)(A) or (B)."

3

on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"].) Summary judgment is affirmed on these grounds.

*Entry of Summary Judgment on Bail Forfeiture*

What we can glean from the sparse record and American Surety's arguments confirms an affirmance on the merits as well. We review orders denying motions to set aside summary judgment and to vacate forfeiture *de novo* where, as here, the parties do not dispute the material facts. (*In re Taylor* (2015) 60 Cal.4th 1019, 1035.)

A bail bond surety consents to entry of judgment in the state's favor in the event the defendant fails to appear in court as required. The trial court must declare bail forfeited in open court and direct the clerk to notify the bail agent and surety. (§ 1305, subd. (a).) The bail agent or surety then has 180 days (plus five days for mailing – the "appearance period") to move to vacate forfeiture or to seek an extension of time. (*Id.*, subds. (b), (c), (d), (j); *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.) The trial court enters summary judgment against the surety in the amount of the bail bond, plus costs, if the appearance period elapses without the forfeiture being set aside. (§ 1306, subd. (a).)

American Surety contends the "sum certain" nature of California's bail forfeiture statutes violate the excessive fines prohibitions of the Eighth Amendment of the United States Constitution and article I, section 17 of the California Constitution. The amount of bail for which a criminal defendant posts bond, it reasons, is typically based on the offenses listed in the arresting officer's report. Forfeiture may occur months or

years later, at which time the court enters judgment against the surety for 100 percent of the bonded amount without analyzing the circumstances of the forfeiture or the potential financial impact on the "innocent indemnitors" who pledged their assets to obtain the bond. American Surety proposes we invalidate the Penal Code's consent judgment provisions and require courts to hold post-forfeiture hearings at which the state bears the burden of proving: (1) the appropriate forfeiture penalty, up to the face value of the bond; and (2) the ability of the defendant to pay that penalty pursuant to *In re Humphrey* (2021) 11 Cal.5th 135.

Identical arguments were rejected in: *People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226 (Second District); *People v. Accredited Surety & Casualty Co.* (2019) 34 Cal.App.5th 891 (Third District); and *People v. Accredited Surety & Casualty Co.* (2021) 65 Cal.App.5th 122 (Fifth District). We join the list of reviewing courts confirming a *Humphrey* violation does not void judgment against a surety entered pursuant to the bail forfeiture statutes. (See *The North River Ins. Co.*, at p. 235 ["The independence of bail proceedings from the underlying criminal prosecution is why any noncompliance with *Humphrey* during the prosecution does not affect—let alone eviscerate—the trial court's jurisdiction over the collateral bail proceedings"].) The point is moot. The court twice reviewed bail and rebuffed the prosecutor's request to increase the amount from $100,000 to $125,000 despite Cruz's failing to appear at his preliminary examination. The lack of a reporter's transcript from all but one of the hearings leaves us to speculate whether Cruz or his counsel ever objected to the amount of bail as too high, much less constitutionally excessive.

American Surety's calls for us to align California's bail forfeiture statutes with its civil forfeiture statutes are more

5

wisely directed to the Legislature.  We decline to enact specific and structural political reforms in the guise of constitutional fiat. (See, e.g., *Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1213, quoting *Japan Whaling Assn. v. American Cetacean Soc.* (1986) 478 U.S. 221, 230 [92 L. Ed. 2d 166] ["'The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the [legislative and executive branches]'"].)

DISPOSITION

Judgment is affirmed.  County shall recover its costs.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

Ronda McKaig, Judge

Superior Court County of Ventura

_____

Law Office of John Rorabaugh, John M. Rorabaugh, for Defendant and Appellant.

Tiffany N. North, County Counsel, and Sean A. Perez, Assistant County Counsel, for Plaintiff and Respondent.